UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
REGINALD MCFADDEN,

        Plaintiff,

-against-

BRIAN PARPAN, et al.,

        Defendants.
----------------------------------------X

MEMORANDUM AND ORDER

CV 96-1305

(Wexler, J.)

APPEARANCES:

>   REGINALD MCFADDEN
>   95A6279
>   Plaintiff Pro Se
>   Box 2001, Route 374
>   Dannemora, New York 12929
>
>   LORNA B. GOODMAN, NASSAU COUNTY ATTORNEY
>   BY: SONDRA M. MENDELSON, ESQ. DEPUTY COUNTY ATTORNEY
>   One West Street
>   Mineola, New York 11501

WEXLER, District Judge

Plaintiff pro se, a prisoner incarcerated at a New York State Correctional Facility, commenced this action in 1996, pursuant to 42 U.S.C. § 1983, complaining of physical mistreatment while a pre-trial detainee. In 1998, this court revoked its decision to grant Plaintiff in forma pauperis status and dismissed Plaintiff's complaint without prejudice to refiling through a paid complaint.

The court's decision was made pursuant to the Prisoner Litigation Reform Act, of 1995 ("PLRA") which provides, in pertinent part, that a prisoner may not bring a civil action under the in forma pauperis provisions of 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court noted that Plaintiff, while incarcerated, had three prior suits dismissed by federal courts as frivolous: McFadden v. Gribetz, No. 95-4312 (S.D.N.Y. June 9, 1995); McFadden v. Kralik, No. 95-4320 (S.D.N.Y. June 9, 1995); McFadden v. People of the State of New York, No. 95-6717 (S.D.N.Y. Aug. 22, 1995). Although this court initially granted Plaintiff in forma pauperis status under 28 U.S.C. § 1915, that grant was recognized as improvident and the case was dismissed.

Nearly ten years have passed and Plaintiff now moves, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for reconsideration. A motion pursuant to Rule 60(b)(6) must be made within a reasonable time. Plaintiff has had ten years in which to file his motion. He states no reason for this undue delay and points to neither new facts nor law in support of this untimely motion. The cases that Plaintiff cites were decided in 1996. While Plaintiff notes that he was placed in administrative segregation until some time during 2000, he offers no reason for a further eight year delay in filing this motion. Under these circumstances, the motion must denied as untimely.

## CONCLUSION

Plaintiff's motion for reconsideration of this court's memorandum and order of August 13, 1998, is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 19, 2008